UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


RONALD JAY SYLVESTER,

      Petitioner,

-vs-                                     Case No.  6:10-cv-966-Orl-31DAB

SECRETARY, DEPARTMENT
  OF CORRECTIONS, et al.,

      Respondents.

_____/

## ORDER

      Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 19).  Petitioner filed a reply to the response (Doc. No. 34).

      Petitioner alleges seven claims for relief in his habeas petition:  1) the trial court erred in denying his motion to suppress; 2) the trial court erred in denying his motion to supplement the record; 3) trial counsel was ineffective for failing to properly impeach a key witness for the State during a suppression hearing; 4) the trial court erred in determining that the second claim raised by Petitioner in his amended motion for postconviction relief

was procedurally barred; 5) the trial court erred in denying claim two of his motion for postconviction relief; 6) the trial court erred in determining that his amended motion for postconviction relief was successive; and 7) trial counsel was ineffective for failing to properly impeach a key witness for the State at trial.

## I.    *Procedural History*

Petitioner was charged by amended information with possession of a firearm by a violent career criminal (count one), armed burglary of a dwelling with a firearm (count two), and grand theft (count three). Based on Petitioner's motion to sever the offenses, two separate jury trials were held: one on the armed burglary and grand theft counts, and one on the possession of a firearm count. The juries found Petitioner guilty as to all counts. The trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a term of life as to each of counts one and two and for a term of ten years as to count three, with the sentences to run concurrently. Count one included a minimum mandatory term of fifteen years, and count two included a minimum mandatory term of ten years. Petitioner subsequently filed a motion to correct sentencing error, which was granted in that the fifteen year minimum mandatory portion of the sentence imposed as to count one was stricken. Petitioner then filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court, which was denied. Petitioner thereafter filed a motion for rehearing and a "first amendment" motion for postconviction relief. The

2

trial court denied the motion for rehearing and dismissed the first amendment motion for postconviction relief as successive. Petitioner appealed the denials, and the state appellate court affirmed *per curiam*.

Petitioner then filed a motion to correct illegal sentence with the state trial court, which was denied. The state appellate court affirmed *per curiam*.

## II.   *Legal Standards*

### A.   *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh

Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts.  Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[1] *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

**B.    *Standard for Ineffective Assistance of Counsel***

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief

---

[1]In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2] *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989)

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13

---

[2]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

5

F.3d 384, 386 (11th Cir. 1994).

## C.    *Exhaustion and Procedural Default*

One procedural requirement set forth in the AEDPA precludes federal courts, absent

exceptional circumstances, from granting habeas relief unless the petitioner has exhausted

all means of available relief under state law.  28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526

U.S. 838, 842-22 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971).  Specifically, the AEDPA

provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted unless it
> appears that–
>
> (A)    the applicant has exhausted the remedies available in the
>        courts of the State; or
>
> (B)    (i)    there is an absence of available State corrective process;
>               or
>
>        (ii)   circumstances exist that render such process ineffective
>               to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Thus, a federal court must dismiss those claims or portions of claims that have been

denied on adequate and independent procedural grounds under state law.  *Coleman v.*

*Thompson*, 501 U.S. 722, 750 (1991).  In addition, a federal habeas court is precluded from

considering claims that are not exhausted but would clearly be barred if returned to state

court.  *Id*. at 735 n.1 (stating that if the petitioner failed to exhaust state remedies and the

court to which the petitioner would be required to present his claims in order to meet the

exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

In order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*, 404 U.S. at 275-76) (internal quotation marks omitted). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732 (11th Cir. 1998). The United States Supreme Court has observed that "Congress surely meant that exhaustion be serious and meaningful." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). Furthermore, the Court explained:

> [c]omity concerns dictate that the requirement of exhaustion is not satisfied by the mere statement of a federal claim in state court. Just as the State must afford the petitioner a full and fair hearing on his federal claim, so must the petitioner afford the State a full and fair opportunity to address and resolve the claims on the merits.

*Id.*; *see also Henderson v. Campbell*, 353 F.3d 880, 898 n.25 (11th Cir. 2003) ("Both the legal theory and the facts on which the federal claim rests must be substantially the same for it to be the substantial equivalent of the properly exhausted claim.").

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish

'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999).  To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different.  *Henderson*, 353 F.3d at 892 (citations omitted).

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).  To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense.  *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

## III.   *Analysis*

## A.   *Claims One and Two*

Claims one and two were raised on direct appeal; however, Petitioner did not present the claims in terms of a deprivation of a federal constitutional right.  Generally, a "federal court may not grant habeas corpus relief to a state prisoner who has not exhausted his available state remedies." *Snowden*, 135 F.3d at 735.  The exhaustion of state remedies requires that petitioners "fairly presen[t] federal claims to the state courts in order to give

8

the State the opportunity to pass upon and correct alleged violations of its prisoners'
federal rights." *Duncan*, 513 U.S. at 365 (citation omitted) (quotations omitted). In the
present case, Petitioner only apprised the state court that the instant claims involved a
violation of state law, and Petitioner made no reference to the federal constitutional issues
raised here. *See Ziegler v. Crosby*, 345 F.3d 1300, 1307 (11th Cir. 2003) (finding that the
petitioner's federal habeas claims were not raised in the state court when the direct appeal
made no reference to the federal constitutional issues raised in the federal habeas petition).
"[O]nly claims that were raised as federal constitutional issues before the state courts have
been exhausted in the state courts." *Snowden*, 135 F.3d at 736 n.4. Thus, claims one and two
are unexhausted.

Moreover, since he would be precluded from now raising these claims in the state
courts, they are procedurally defaulted. Petitioner has not shown either cause or prejudice
that would excuse the default. Likewise, Petitioner has neither alleged nor shown the
applicability of the actually innocent exception. The entire record has been reviewed, and
the Court concludes that Petitioner is unable to satisfy either of the exceptions to the
procedural default bar. Therefore, claims one and two are denied.

**B.     *Claim Three***

Petitioner asserts that trial counsel was ineffective for failing to properly impeach
a key witness for the State during a suppression hearing. In particular, Petitioner states
Investigator Anthony Tomeo coerced Petitioner's confession by threatening to arrest
Petitioner's wife and to place Petitioner's child into the custody of DCF; however, at the

suppression hearing, Investigator Tomeo denied making these threats. According to Petitioner, counsel should have impeached Investigator Tomeo "through the use of a discovery deposition," which would have revealed Investigator's Tomeo's threats. This claim was raised in Petitioner's initial Rule 3.850 motion and was denied because counsel properly impeached Investigator Tomeo and because there had been no showing of prejudice.

At the suppression hearing, Investigator Tomeo denied threatening Petitioner with the removal of his children or with the arrest of Petitioner's wife. *See* Appendix D at 51-52. Investigator Tomeo's deposition testimony did not contradict the testimony he gave at the suppression hearing. In fact, at his deposition, Investigator Tomeo denied ever telling Petitioner that the failure to cooperate would result in an investigation of his wife by DCF. *See* Doc. No. 39, Deposition of Investigator Tomeo at 9. A review of the transcripts demonstrates that there was no material inconsistency between Investigator Tomeo's testimony at his deposition and at the suppression hearing. Petitioner has failed to demonstrate that the deposition had impeachment value. Consequently, the Court finds that there has been no showing that counsel acted deficiently with regard to this matter or that he sustained prejudice. As such, the state court's rejection of this claim was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court precedent, nor was it based upon an unreasonable determination of the facts in light of the evidence presented. As a result, claim three is denied.

**C.     *Claims Four, Five, and Six***

10

In these claims, Petitioner argues that the trial court erred as follows: in determining that the second claim he raised in his amended motion for postconviction relief was procedurally barred (claim four); in denying claim two of his motion for postconviction relief (claim five); and in determining that his amended motion for postconviction relief was successive (claim six).

It is clear that these claims are not properly reviewable in a federal habeas proceeding. "A habeas petition must allege the petitioner's detention violates the constitution, a federal statute, or a treaty. . . . [A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989). In *Spradley v. Dugger*, 825 F.2d 1566 (11th Cir. 1987), the petitioner argued that the state trial court violated his due process rights when it denied his Rule 3.850 motion because it did not conduct an evidentiary hearing and because its opinion denying relief failed to attach those portions of the record on which it relied. The Eleventh Circuit Court of Appeals held that the state trial court's alleged errors in the Rule 3.850 proceedings did not undermine the validity of the petitioner's conviction; therefore, the claim went to issues unrelated to the cause of the petitioner's detention, and it did not state a basis for habeas relief. *Id*. at 1567; *see also Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir. 19984) ( "Even where there may be some error in state post-conviction proceedings, this would not entitle appellant to federal habeas corpus relief since appellant's claim here represents an attack on a proceeding collateral to detention of appellant and not on the detention itself.") (quotation omitted) (citation omitted). As to

claims four, five, and six, Petitioner alleges errors in the state postconviction review process which are not addressable through habeas corpus proceedings; consequently, they must be denied.

**D.     Claim Seven**

Petitioner asserts that trial counsel was ineffective for failing to properly impeach Investigator Tomeo at trial.  In particular, he claims that counsel failed properly lay a foundation to admit Investigator Tomeo's deposition at trial.

It appears that this claim was raised in Petitioner's first amendment motion for postconviction relief, which was dismissed as successive.  "Rule 3.850 imposes a procedural bar to successive motions for such relief when the issue could have been raised in a previous motion[.]"  *See Harmon v. Barton*, 894 F.2d 1268, 1270 (11th Cir. 1990). Accordingly,  this claim is procedurally barred from review by this Court as it was found to be procedurally barred by the state court.  Petitioner has not shown either cause or prejudice that would excuse the default.  Likewise, Petitioner has neither alleged nor shown the applicability of the actually innocent exception.  The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar.  Therefore, this claim is denied.

In addition, the Court finds that the claim is without merit.  As discussed with regard to claim three, Petitioner has failed to demonstrate that the deposition had impeachment value.  Consequently, the Court finds that there has been no showing that counsel acted deficiently with regard to this matter or that he sustained prejudice.  As such,

the state court's rejection of this claim was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court precedent, nor was it based upon an unreasonable determination of the facts in light of the evidence presented.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Ronald Jay Sylvester is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.      The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.      This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[3] Accordingly, a Certificate of Appealability is **DENIED** in this case.

---

[3]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

14

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 20th day of March,

2012.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 3/20
Counsel of Record
Ronald Jay Sylvester

15